RECEIVED
IN LAKE CHARLES, LA
JUN 2 8 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF SOUTH LOUISIANA CEMENT, INC. AS BAREBOAT CHARTERER OF BARGES LTD 148, LTD 217, LTD 239, LTD 121, AND LTD 404 PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | : | DOCKET NO. 2:03 CV 0778 |
| | : | JUDGE MINALDI |
| | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Having considered the Motion to Award Costs [doc. 106] to Equipment Chartering Company, Inc., ("ECC") as well as the opposition thereto,

IT IS ORDERED that South Louisiana Cement, Inc., ("SLC")[1] reimburse Equipment Chartering Company's costs in the amount of $3,325.85.[2]

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs, other than attorneys' fees shall be allowed as of course to the prevailing party unless the district court otherwise directs...." Fed.R.Civ.P. 54(d)(1). Rule 54(d)(1) contains a strong presumption that the prevailing

---

[1] PBC Services, Inc. ("PBC") filed an opposition to this motion arguing that they should not be required to pay ECC's costs. EEC responded that PBC did not assert a claim or cross-claim against ECC. The US Corps of Engineers never asserted a claim against ECC. The only party that asserted a claim against ECC was SLC, therefore SLC should pay ECC's costs.

[2] $2483.20 for depositions, $842.65 copying costs.

party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985). The Fifth Circuit has held that "the prevailing party is prima facie entitled to costs," and has described the denial of costs as "in the nature of a penalty." *Schwarz*, 767 F.2d at 131. As a result of this cost-shifting presumption, the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Schwarz*, 767 F.2d at 131 (citation omitted); *cf. Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 1151 n. 14, 67 L.Ed.2d 287 (1981) (assuming that costs are denied to the prevailing party "only when there would be an element of injustice in a cost award").

The Fifth Circuit has little case law addressing this issue, but in other circuits, "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668, at 234 (1998). Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.[FN18] *Pacheco v. Mineta*, L 1195989, *8 -9 (C.A.5 (C.A.5 (Tex.), 2006). According to Wright and Miller, courts also deny costs if "the losing party prosecuted the action in good faith." *Schwartz* at 138, 101 S.Ct. 1146. However, every case cited by Wright and Miller for this proposition denies costs on the basis of *both* the losing party's good faith *and* some other one or more of the factors listed above.

Every circuit to expressly address the question in a published opinion (the Fourth, Sixth, Seventh, Ninth and Tenth) has ruled that good faith, by itself, cannot defeat the operation of Rule 54(d)(1). *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir.1994) ("[T]he mere fact that a suit may have

2

been brought in good faith is alone insufficient to warrant a denial of costs in favor of a prevailing defendant"); *Cherry v. Champion*, 186 F.3d 442, 446 (4th Cir.1999) ("[A] party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party."); *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir.1986) ("Good faith without more, however, is an insufficient basis for denying costs to a prevailing party"); *Coyne-Delany v. Capital Development Board of Illinois*, 717 F.2d 385, 390 (7th Cir.1983) ("The losing party's good faith and proper conduct of the litigation is not enough···"); *National Information Services, Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472-73 (9th Cir.1995), *overruled on other grounds by Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 593 (9th Cir.2000) ( *en banc* ) (overruling National Information Systems but only to the extent it held that " *only* misconduct may support the denial of costs to a prevailing party"); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir.1997).

In *Pacheco*, supra, the Fifth Circuit also held that the losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party. So, while SLC was presumably in good faith bringing a claim against ECC, it is not relieved from the duty to pay costs to ECC as a prevailing party.

The decision to award attorney's fees is also within the discretion of the court. Although time consuming, the claim by SLC against ECC was not baseless. No attorney's fees will be granted.

Lake Charles, Louisiana, this 27 day of June, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE